(846 P.2d 261)

No. 68,267

## First Federal Savings and Loan Association of Kansas City, *Appellant*, v. Miriam I. Hysten, *Appellee*.

Opinion filed February 5, 1993.

*David S. Rauzi*, of Law Office of David S. Rauzi, of Overland Park, for appellant.

*Kenneth M. Carpenter*, of Carpenter, Chartered, of Topeka, for appellee.

Before Brazil, P.J., Larson, J., and David Prager, Chief Justice Retired, assigned.

Prager, C.J. Retired: This is an action brought by the appellant, First Federal Savings and Loan Association of Kansas City (First Federal), to foreclose a mortgage on the residence of the appellee, Miriam I. Hysten. The facts in the case are undisputed.

On May 9, 1974, Hysten executed a note payable to the Topeka Savings Association, or its assigns, in the principal amount of $14,100, with 8.25% interest. The note was secured by a mortgage on her Topeka residence. The note and mortgage were later assigned to First Federal.

On February 19, 1985, Hysten filed a Chapter 13 bankruptcy plan in the bankruptcy court. Notices of the filing of her Chapter 13 plan were mailed to creditors, including First Federal.

The bankruptcy plan provided for the payment in full of the principal amount due on the mortgage, but it did not provide for payment of interest on the unpaid mortgage balance. Counsel for appellee admits that he was in error in not providing for payment of interest. The holder of a second mortgage on the

same property filed a claim to recover the principal owed plus interest and was paid in full under the terms of the plan.

Under the plan, Hysten was to pay the sum of $166 per month to First Federal for 60 months (five years) which would pay off in full the principal amount due, $9,370.30. Hysten's note provided for monthly payments in the amount of $166.00.

It is undisputed that First Federal received a copy of the Chapter 13 plan which was mailed on February 21, 1985. The plan was confirmed on April 23, 1985, without objection by First Federal. During the following five years, Hysten made all the monthly payments under the plan. At no time did First Federal raise the issue of additional interest due or file an objection to the plan in bankruptcy court.

Hysten made her last payment on April 25, 1990, and a final report and accounting was filed by the trustee on June 1, 1990. On August 23, 1990, the bankruptcy court entered its final decree discharging Hysten from all debts provided for by the plan. Hysten obviously assumed her debt to First Federal had been satisfied.

On May 7, 1991, almost five years and two months after confirmation of the plan and eight months after Hysten was discharged, First Federal filed this action to foreclose the mortgage, seeking to recover unpaid interest.

Counsel for Hysten filed a motion for summary judgment on the basis that First Federal's failure to object to the confirmation of Hysten's Chapter 13 plan in bankruptcy court bars the bringing of this action. The district court agreed and granted Hysten's motion for summary judgment. First Federal filed a timely appeal.

On the basis of the undisputed record before us, we hold that the confirmation of the bankruptcy plan and the final discharge of the debtor, Hysten, precludes First Federal from bringing this action to recover the interest due on its mortgage.

The controlling statute is 11 U.S.C. § 1327 (1988), which concerns the effect of confirmation of a bankruptcy plan. That section provides:

"(a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and

whether or not such creditor has objected to, has accepted, or has rejected the plan.

"(b) Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.

"(c) Except as otherwise provided in the plan or in the order confirming the plan, the property vesting in the debtor under subsection (b) of this section is free and clear of any claim or interest of any creditor provided for by the plan."

The statute is clear that, upon becoming final, the order confirming a Chapter 13 plan represents a binding determination of the rights and liabilities of the parties as ordained by the plan. The res judicata effect of confirmation may be eliminated only if confirmation is revoked or if the case is later dismissed or converted to another chapter. See *In re Nash*, 765 F.2d 1410, 1412-13 (9th Cir. 1985).

In 5 Collier on Bankruptcy ¶ 1327.01, pp. 1327-2, 1327-3 (15th ed. 1992), it is stated:

"The purpose of section 1327(a) is the same as the purpose served by the general doctrine of *res judicata*. There must be finality to a confirmation order so that all parties may rely upon it without concern that actions which they may thereafter take could be upset because of a later change or revocation of the order. As the bankruptcy appellate panel for the Ninth Circuit held:

It would hardly serve the purposes for which the federal bankruptcy laws were intended to permit a dissatisfied creditor to withhold its opinion of the practicality and fairness of a debtor's plan until after that plan has been completed. At such a late point in time, a meaningful modification of the plan is difficult, if not impossible, and the objecting creditor is in a position to circumvent the protective shield provided debtors under chapter 13.

"The binding effect of the confirmation order establishes the rights of the debtor and creditors as those which are provided in the plan. It is therefore incumbent upon creditors with notice of the chapter 13 case to review the plan and object to the plan if they believe it to be improper; they may ignore the confirmation hearing only at their peril. Of course, if the plan is ambiguous, the court may still have to resolve disputes as to the rights of the parties, and in such cases the plan may be construed against the debtor, the party who drafted it. Such disputes are limited to the terms of the plan itself, and do not extend to terms or agreements which are unwritten or not of record.

"Because creditors are limited to those rights which they are afforded by the plan, they may not take actions to collect debts which are inconsistent

with the method of payment provided for in the plan. They may not exercise prepetition rights they may have had to collect a debt by setoff, foreclosure or otherwise. The automatic stay of section 362(a) remains in effect as to collection efforts on virtually all prepetition debts until the case is closed or dismissed or until a discharge order is entered. Once the plan is confirmed the only cause for relief from the stay that may be validly asserted is the debtor's material failure to comply with the plan. A creditor that had the opportunity to object that the plan did not meet the standards for confirmation, which provide the protections Congress deemed appropriate for the various types of creditors, may not later assert any interest other than that provided for it by the confirmed plan."

*In re Hebert*, 61 Bankr. 44, 47 (Bankr. W.D. La. 1986), holds, in effect, that a creditor may not, after confirmation, assert that the creditor should have been paid interest which was not provided for in the plan. This is exactly the relief First Federal seeks in this case.

Hysten, in her brief, cites *Matter of Pence*, 905 F.2d 1107, 1109 (7th Cir. 1990), which holds, without equivocation, that normally a litigant may accomplish revocation of a Chapter 13 plan confirmation order only by bringing adversary proceedings in bankruptcy court.

In the present case, First Federal was aware of the $166 monthly payment for 60 months as provided for in the plan. It could easily have calculated the total sum to be paid by multiplying $166 by 60. The sum was less than the amount expected to be paid under Hysten's note. First Federal could have objected to the plan when it was first proposed or during the five years it was in effect. The proper forum to raise the issue of inadequacy of payments was the bankruptcy court.

Under the legal principles set forth above, we hold that the district court did not err in granting summary judgment in favor of Hysten on the basis that First Federal's failure to object to the confirmation of the plan in bankruptcy court is fatal to this action to foreclose its mortgage.

Affirmed.